IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>　　　　　　　　　　　　　　　)<br>　　　　　　Plaintiff, 　　　　　)<br>　　　　　　　　　　　　　　　)<br>vs. 　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　)<br>2206 BERMONDSEY DRIVE　　　)<br>BOWIE, MD  20721　　　　　　)<br>　　　　　　　　　　　　　　　)<br>　　　　　　Defendant. 　　　)<br>_____) | Civil Action No. 07-02048 (EGS) |

**ANSWER OF CLAIMANT, WASHINGTON MUTUAL BANK
TO COMPLAINT FOR FORFEITURE IN REM AND REQUEST FOR JURY TRIAL**

Claimant, Washington Mutual Bank, formerly known as Washington Mutual Bank, FA, (hereinafter "WAMU"), by and through Mortgage Electronic Registration Systems, Inc. ("MERS") and its undersigned attorneys and, and pursuant to 18 U.S.C. § 981, *et. seq*. and Rule G5 of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims of the Federal Rules of Civil Procedure, hereby files this Answer to Complaint for Forfeiture In Rem of the real property known as 2206 Bermondsey Drive, Bowie, MD 20721 (the "Property"), and states as follows:

**Answers To Numbers Paragraphs Of The Complaint**

1.　Claimant does not dispute the description of the Property in Paragraph 1 of the Complaint or that this is an action which purports to be brought pursuant to 18 U.S.C. § 981 (a)(1)(C). The remaining allegations of Paragraph 1 are legal conclusions which do not require a factual response. To the extent that a response is required, they are denied.

2.　Claimant does not dispute the contention in Paragraph 2 of the Complaint or that this is an action which purports to be brought pursuant to 18 U.S.C. § 981 (a)(1)(C). The

remaining allegations of Paragraph 2 are legal conclusions which do not require a factual response. To the extent that a response is required, they are denied.

3.  Claimant does not dispute the description of the Property in Paragraph 3 of the Complaint.

4.  Claimant does not dispute the contention in Paragraph 4 of the Complaint that this is an action which purports to be brought *in rem,* but is without knowledge or information as to the location of the alleged acts and omissions referenced in the Complaint, and therefore denies Plaintiff's allegation of venue and demands strict proof thereof.

5.  Claimant does not dispute the contention of jurisdiction in Paragraph 5 of the Complaint and acknowledges receipt of notice. The remaining allegations of Paragraph 4 do not require a factual response. To the extent that a response is required, they are denied.

6.  As to Paragraph 6 of the Complaint, Claimant is without knowledge or information as to the alleged acts and omission referenced in the Complaint or their location, and therefore denies Plaintiff's allegations of venue and demands strict proof thereof.

7.  As to Paragraph 7 of the Complaint, Claimant denies that the Property was funded with proceeds of a fraudulent scheme or illegal activity, and states that a significant portion of the monies used to purchase the property were funds advanced by the mortgage lender, whose rights and lien have been assigned to the Claimant, for due and valuable consideration. Claimant is without knowledge or information as to whether any monies contributed by the borrower to the purchase of the Property or any portion of the payments on the mortgage loan constituted proceeds of a fraudulent scheme or illegal activity, and therefore denies Plaintiff's allegations and demands strict proof thereof. All payments were received by the Claimant and the prior

holders of the mortgage on the Property without notice of any defect, adverse claim or illegal activity of the borrower.

      8. As to Paragraph 8 of the Complaint, Claimant is without knowledge or information as to facts alleged therein, and therefore denies the same and demands strict proof thereof.

      9. As to Paragraph 9 of the Complaint, Claimant is without knowledge or information as to facts alleged therein, and therefore denies the same and demands strict proof thereof.

      10. As to Paragraph 10 of the Complaint, Claimant is without knowledge or information as to facts alleged therein, and therefore denies the same and demands strict proof thereof.

      11. As to Paragraph 11 of the Complaint, Claimant is without knowledge or information as to facts alleged therein, and therefore denies the same and demands strict proof thereof.

      12. As to Paragraph 12 of the Complaint, Claimant is without knowledge or information as to facts alleged therein, and therefore denies the same and demands strict proof thereof.

      13. As to Paragraph 13 of the Complaint, Claimant is without knowledge or information as to facts alleged therein, and therefore denies the same and demands strict proof thereof.

      14. As to Paragraph 14 of the Complaint, Claimant admits that Jayrece Turnbull purchased the Property and obtained a purchase money mortgage loan from Pacific Guarantee Mortgage in the amount of $310,650.00 secured by a Deed of Trust of even date. Claimant,

through MERS, subsequently became and currently is the assignee, holder and beneficiary of said Deed of Trust.

15. As to Paragraph 15 of the Complaint, the Claimant admits that payments were made on the mortgage loan, but is without knowledge or information as to the remaining facts alleged in this paragraph, and without knowledge or information reflecting that any monies contributed by the borrower to the purchase of the Property or to any portion of the payments on the mortgage loan constituted proceeds of a fraudulent scheme or illegal activity. Therefore, the Claimant denies the allegations of this paragraph and demands strict proof thereof.

16. As to Paragraph 16 of the Complaint, the Claimant admits that some payments were made on the mortgage loan, but disputes the amounts alleged, and is without knowledge or information as to the remaining facts alleged in this paragraph, and without knowledge or information reflecting that any monies contributed by the borrower to the purchase of the Property or to any portion of the payments on the mortgage loan constituted proceeds of a fraudulent scheme or illegal activity. Therefore, the Claimant denies the allegations of this paragraph and demands strict proof thereof.

17. As to Paragraph 17 of the Complaint, the Claimant admits that some payments were made on the mortgage loan, but disputes the amounts alleged, and is without knowledge or information as to the remaining facts alleged in this paragraph, and without knowledge or information reflecting that any monies contributed by the borrower to the purchase of the Property or to any portion of the payments on the mortgage loan constituted proceeds of a fraudulent scheme or illegal activity. Therefore, the Claimant denies the allegations of this paragraph and demands strict proof thereof.

18. As to Paragraph 18 of the Complaint, Claimant denies the allegations of this paragraph and denies that the loan is paid in full.

19. As to Paragraph 19 of the Complaint, Claimant is without knowledge or information as to facts alleged therein, and therefore denies the same and demands strict proof thereof.

20. As to Paragraph 20 of the Complaint, Claimant incorporates its foregoing responses.

21. As to Paragraph 21 of the Complaint, Claimant states that a significant portion of the monies used to purchase the property were funds advanced by the mortgage lender, whose rights and lien have been assigned to the Claimant, for due and valuable consideration.  Claimant is without knowledge or information as to whether any monies contributed by the borrower to the purchase of the Property or any portion of the payments on the mortgage loan constituted proceeds of a fraudulent scheme or illegal activity, and therefore denies Plaintiff's allegations and demands strict proof thereof. All payments were received by the Claimant and the prior holders of the mortgage on the Property without notice of any defect, adverse claim or illegal activity of the borrower.

22. As to Paragraph 22 of the Complaint, Claimant is without knowledge or information as to facts alleged therein, and therefore denies the same and demands strict proof thereof.

23. As to Paragraph 23 of the Complaint, Claimant incorporates its foregoing responses.

24. As to Paragraph 24 of the Complaint, Claimant states that a significant portion of the monies used to purchase the property were funds advanced by the mortgage lender, whose

5

rights and lien have been assigned to the Claimant, for due and valuable consideration.  Claimant is without knowledge or information as to whether any monies contributed by the borrower to the purchase of the Property or any portion of the payments on the mortgage loan constituted proceeds of a fraudulent scheme or illegal activity, and therefore denies Plaintiff's allegations and demands strict proof thereof. All payments were received by the Claimant and the prior holders of the mortgage on the Property without notice of any defect, adverse claim or illegal activity of the borrower.

   25. As to Paragraph 25 of the Complaint, Claimant states that a significant portion of the monies used to purchase the property were funds advanced by the mortgage lender, whose rights and lien have been assigned to the Claimant, for due and valuable consideration.  Claimant is without knowledge or information as to whether any monies contributed by the borrower to the purchase of the Property or any portion of the payments on the mortgage loan constituted proceeds of a fraudulent scheme or illegal activity, and therefore denies Plaintiff's allegations and demands strict proof thereof. All payments were received by the Claimant and the prior holders of the mortgage on the Property without notice of any defect, adverse claim or illegal activity of the borrower.

**<u>First Defense</u>**

  Claimant acquired the mortgage loan and Deed of Trust on the Property, for due and valuable consideration, and received payments thereunder without notice of any defect, adverse claim or illegal activity of the borrower. Therefore, Claimant makes claim to the Property to the extent of obligations currently due and owing, and which may hereafter become due and owing under the Note and Deed of Trust, including continuing interest, property preservation costs, attorneys fees and other fees and charges provided for under the terms thereof.

**Second Defense**

Claimant is a bona fide assignee of the mortgage loan and Deed of Trust on the Property, and is therefore entitled to the preservation of its lien thereon to the extent of all obligations currently due and owing, and which may hereafter become due and owing under the Note and Deed of Trust, including continuing interest, property preservation costs, attorneys fees and other fees and charges provided for under the terms thereof.

**Third Defense**

To the extent that Plaintiff can provide the element of forfeiture, Claimant was an innocent holder of a lien on the property and an innocent recipient of payments on the mortgage loan whose rights in the Property are protected by law..

**Fourth Defense**

Plaintiff lacks probable cause for the institution of this suit.

**Fifth Defense**

The penalty of forfeiture, without preservation of the Claimant's lien, is a violation of the Fifth Amendment.

**Sixth Defense**

The penalty of forfeiture, without preservation of the Claimant's lien, is a violation of Due Process.

**Seventh Defense**

The mortgage loan on the Property is in default; thus, Claimant is entitled to recover its interest in the Property and requests that this Court enter an order recognizing and preserving its superior interest and lien, to the extent of all obligations currently due and owing, and which may hereafter become due and owing under the Note and Deed of Trust, including continuing interest,

property preservation costs, attorneys fees and other fees and charges provided for under the terms thereof.

## **Jury Demand**

Claimant demands a trial by jury on all issues.

RESPECTFULLY SUBMITTED,


_____/s/_____
Russell J. Pope
DC Bar No. 426865
Virginia W. Barnhart
DC Bar No.489161
POPE & HUGHES, P.A.
29 W. Susquehanna Ave., Suite 110
Towson, MD 21204
410-494-7777

Attorneys for Claimant, Washington Mutual Bank

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 7th day of February, 2008, a copy of the foregoing Answer was served via e-filing and first claim mail, upon:

>Jeffrey A. Taylor, United States Attorney
>William R. Cowden, Assistant United States Attorney
>Diane G. Lucas, Assistant United States Attorney
>555 4th Street, N.W.
>Washington, DC  20530
>Attorneys for Plaintiffs

and by first class mail to

>Jayrece E. Turnbull
>2206 Bermondsey Drive
>Bowie, MD 20721

>_____/s/_____
>Virginia W. Barnhart